# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

| | |
|---|---|
| In re Target Corp. Securities Class Action Litigation | Case No.: 2:25-cv-135-JLB-KCD |
| | (Consolidated with No. 2:23-cv-599-JLB-KCD & No. 2:25-cv-85-JLB-KCD) |
| | <u>CLASS ACTION</u> |

## RESPONSE OF STATE TEACHERS RETIREMENT SYSTEM OF OHIO TO DEFENDANTS' OMNIBUS MOTION TO TRANSFER

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ...................................................................... ii

PRELIMINARY STATEMENT ............................................................... 1

ARGUMENT ........................................................................................... 2

I.    The Court Has Already Denied Defendants' Motion to Transfer .................. 2

II.    The § 1404(a) Factors Continue to Weigh Against Transfer .......................... 3

    A.    The Majority of Factors Still Weigh Against Transfer ......................... 4

        1.    Plaintiffs' Choice of Forum Is Afforded Substantial Weight in Securities Fraud Cases ............................... 4

        2.    Convenience of the Witnesses and Availability of Compulsory Process Still Weigh Against Transfer ..................... 7

        3.    Convenience of the Parties Still Weighs Against Transfer ................................................................... 9

        4.    Efficiency and the Interests of Justice Weigh Against Transfer ................................................................. 10

    B.    The Remaining § 1404(a) Factors Are Neutral ................................... 11

        1.    Locus of Operative Facts Remains Neutral .............................. 12

        2.    Location of Relevant Documents and Proof, Familiarity with Governing Law, and Relative Means of the Parties Are Neutral ........................................................... 13

CONCLUSION ..................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Abreu v. Pfizer, Inc.*,
    2022 WL 2355541 (S.D. Fla. June 22, 2022) ....................................................... 11

*Barrett v. United Ins. Co. of America, Inc.*,
    2018 WL 11440992 (S.D. Ga. Dec. 19, 2018).................................................. 9, 10

*Dusek v. JP Morgan Chase & Co.*,
    2015 WL 12819406 (M.D. Fla. Jan. 16, 2015).................................................... 12

*Estey v. ADT LLC*,
    2017 WL 4865460 (N.D. Ga. Apr. 28, 2017).................................................... 7, 8

*Fruitstone v. Spartan Race Inc.*,
    464 F. Supp. 3d 1268 (S.D. Fla. 2020)................................................................ 7

*Garner v. Wolfinbarger*,
    433 F.2d 117 (5th Cir. 1970) ................................................................................ 6

*General Ret. Sys. of City of Detroit v. Wells Fargo Mortg. Backed Sec. 2006-AR18
    Trust*,
    2009 WL 2137094 (N.D. Cal. July 16, 2009).............................................. 4, 5, 6

*Halbert v. Credit Suisse AG*,
    358 F. Supp. 3d 1283 (N.D. Ala. 2018) ....................................................... 12, 13

*In re Hanger Orthopedic Grp. Sec. Litig.*,
    418 F. Supp. 2d 164 (E.D.N.Y. 2006) ....................................................... 7, 8, 9

*Kadel v. Flood*,
    2008 WL 11319455 (S.D. Fla. Apr. 4, 2008) .................................................... 10

*Kang Haggerty & Fetbrot v. Hayes*,
    2017 WL 9938022 (M.D. Fla. Mar. 22, 2017) ................................................... 11

*Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech. Solutions, Inc.*,
    2010 WL 3056600 (S.D. Fla. Aug. 4, 2010)........................................................ 8

*Koster v. Am. Lumbermens Mut. Cas. Co.*,
    330 U.S. 518 (1947) .............................................................................................. 6

*McIlvaine v. Arthrocare,*
2008 WL 11332000 (S.D. Fla. Oct. 28, 2008) ......................................................6

*North Am. Med. Corp. v. Axiom Worldwide, Inc.,*
2008 WL 11338709 (N.D. Ga. Dec. 8, 2008) ............................................... 9, 11

*Penny v. AT&T Corp.,*
2015 WL 12828116 (S.D. Fla. Apr. 6, 2015) ....................................................11

*SEC v. Elecs. Warehouse, Inc.,*
689 F. Supp. 53 (D. Conn. 1988) ........................................................................5

*SEC v. Taronis Techs. Inc.,*
2023 WL 4134000 (M.D. Fla. June 22, 2023) ....................................................6

*Starr Indem. & Liab. Co. v. Brightstar Corp.,*
324 F. Supp. 3d 421 (S.D.N.Y. 2018) .................................................................5

*Wi-Lan USA, Inc. v. Alcatel-Lucent USA Inc.,*
2013 WL 358385 (S.D. Fla. Jan. 29, 2013) ......................................................10

Lead plaintiff movant State Teachers Retirement System of Ohio ("Ohio STRS") submits this memorandum of law in opposition to Defendants' Omnibus Motion to Transfer pursuant to 28 U.S.C. § 1404(a) (ECF No. 50, the "Motion" or "Motion to Transfer").[1]

## PRELIMINARY STATEMENT[2]

Defendants' attempt to revisit their failed transfer arguments should be rejected, and their Motion to Transfer should be denied. The Court has already carefully considered and denied Defendants' prior motion to transfer the *Craig* case, which is now consolidated into this Action, to the District of Minnesota. *See Craig v. Target Corp. et al.*, Case No. 2:23-cv-599-JLB-KCD (M.D. Fla.) ("*Craig*"), ECF No. 103 (the "Transfer Denial Order"). The subsequent consolidation of *Craig* with two related class actions does not materially change the underlying facts or legal considerations the Court previously evaluated, nor does it provide any basis to revisit the Court's prior ruling that transfer is not warranted.

If anything, judicial economy and consistency now weigh even more strongly in favor of keeping the Action in this District. The Court has already devoted substantial time and resources to this matter, including ruling on a fully briefed

---

[1] Defendants' Motion to Transfer improperly conflates two distinct actions: a shareholder derivative action (*In re Target Corp. Shareholder Derivative Litigation*, Case No. 2:25-cv-21-JLB-KCD) (the "Derivative Action") and this consolidated securities fraud action (the "Action"). The Derivative Action is procedurally and legally separate from this Action, and Defendants' attempt to bundle them together for purposes of seeking transfer is inappropriate. Ohio STRS takes no position on the transfer of the Derivative Action.

[2] Unless otherwise noted, all emphases are added, and all internal quotations and citations are omitted.

1

motion to transfer venue after oral argument (*Craig*, ECF No. 103); denying Defendants' motion to dismiss following briefing and oral argument (*Craig*, ECF No. 102); conducting case management conferences; and resolving other motions made by the parties. In addition, the Court has consolidated the related securities fraud actions and organized the docket, is presently considering competing lead plaintiff motions in this Action, and is familiar with the underlying facts and legal issues. Transferring the Action at this stage will waste judicial resources and set the litigation back, unnecessarily delaying resolution.

Accordingly, the Court should deny Defendants' Motion to Transfer.

## <u>ARGUMENT</u>

### I.  **The Court Has Already Denied Defendants' Motion to Transfer**

Defendants' second attempt to transfer this Action to the District of Minnesota should be denied. The Court has already rejected Defendants' request to transfer this Action under § 1404(a), finding that "Target has failed to carry its burden in demonstrating that this Court should transfer this securities litigation case to the District of Minnesota." *See* Transfer Denial Order at 15. That ruling followed full briefing and oral argument. *See Craig*, ECF Nos. 68, 83, 90, 94–96, 103.

Defendants' attempt to relitigate the issue is based solely on the subsequent consolidation of *Craig* with two related securities fraud actions, but such consolidation has not meaningfully altered the transfer analysis. The central facts, parties, and legal claims remain substantially the same; the alleged securities fraud arises from the same course of conduct with which the Court is familiar; and the

2

relevant witnesses, documents, and operative events are unchanged. Defendants' inclusion of the declaration of Erin Rath Moos (ECF No. 50-2, the "Moos Declaration" or "Moos Decl.") identifying only three potential non-party, non-employee witnesses and claiming that certain potential witnesses reside in Minnesota does not move the needle on the Court's transfer analysis. Defendants offer no change in circumstances that justifies revisiting the Court's prior ruling.

## II.  The § 1404(a) Factors Continue to Weigh Against Transfer

Even if the Court were to entertain Defendants' Motion to Transfer, the § 1404(a) factors continue to weigh in favor of keeping this Action in this District. The Eleventh Circuit considers the following nine factors in evaluating a motion to transfer under § 1404(a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Transfer Denial Order at 6 (citing *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)).

The Court previously performed a thorough § 1404(a) analysis and found that none of the nine factors weighed in favor of transfer. *See* Transfer Denial Order. As the Court observed, "the intent of the venue and jurisdiction provisions of the securities laws is to afford potential plaintiffs liberal choice in their selection of a

forum" and such choice should not be disturbed unless "other considerations ***clearly outweigh*** plaintiff's choice of forum." *Id.* at 4. Defendants have still not identified any such considerations here, and their Motion offers no basis to depart from the Court's Transfer Denial Order.

### A. The Majority of Factors Still Weigh Against Transfer

As before, Plaintiffs' choice of forum is entitled to substantial deference, and none of the § 1404(a) factors come close to "clearly outweigh[ing]" it. *Id.* The convenience of the witnesses, the availability of compulsory process, the convenience of the parties, and judicial efficiency and the interests of justice, based on the totality of the circumstances, all support leaving the Action in the Middle District of Florida.

### 1. Plaintiffs' Choice of Forum Is Afforded Substantial Weight in Securities Fraud Cases

In evaluating a motion to transfer a securities fraud class action, "courts generally afford substantial weight to a plaintiff's choice of forum[.]" *General Ret. Sys. of City of Detroit v. Wells Fargo Mortg. Backed Sec. 2006-AR18 Trust*, 2009 WL 2137094, at *4 (N.D. Cal. July 16, 2009) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981)). "[T]he intent of the venue and jurisdiction provisions of the securities laws is to afford potential plaintiffs liberal choice in their selection of a forum" (Transfer Denial Order at 4) and "unless the balance of factors is strongly in favor of the defendants, ***the plaintiff's choice of forum should rarely be disturbed***." *Wells Fargo*, 2009 WL 2137094, at *4 (citing *Sec. Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985)).

Under the permissive venue provision of the securities laws, "a plaintiff's choice is entitled to greater deference as a matter of law, even where that case is brought as a class action." *Wells Fargo*, 2009 WL 2137094, at *4; *see also SEC v. Elecs. Warehouse, Inc.*, 689 F. Supp. 53, 74 (D. Conn. 1988) ("The venue provision of the Act represents an affirmative congressional policy choice to allow plaintiffs in securities cases the widest possible choice of forums in which to sue."). In fact, even in cases "[w]here the factors are equally balanced, the plaintiff is entitled to its choice [of forum]." *See Starr Indem. & Liab. Co. v. Brightstar Corp.*, 324 F. Supp. 3d 421, 432 (S.D.N.Y. 2018) (denying defendants' motion to transfer venue even though the convenience of the witnesses weighed in favor of transfer). This analysis does not change due to the introduction of lead plaintiff movants.

Defendants argue that a "plaintiff's choice of forum is considerably weakened" and deserves "little to no weight" in a representative action. Motion at 13–14. This argument fails. Courts have consistently held that the deference afforded to a plaintiff's choice of forum is not diminished when the plaintiff seeks to represent similarly aggrieved parties, especially where, as here, Plaintiffs selected this forum based on their individual connections to it[3] and Defendants' relevant conduct directed at this District. *See Wells Fargo*, 2009 WL 2137094, at *4 (rejecting the

---

[3] In each of the consolidated actions, the plaintiff that originally commenced the action is based in Florida. *See* ECF No. 1 at ¶32; *Craig*, ECF No. 52 at ¶¶31–33; *City of Riviera Beach Police Pension Fund v. Target Corp. et al.*, Case No. 2:25-cv-85-JLB-KCD (M.D. Fla.), ECF No. 1 at ¶¶6, 25.

argument that class action plaintiff's choice of forum "should not be 'afforded special weight'"); *see also* ECF No. 1 at ¶52.

Defendants' reliance on *Koster v. Am. Lumbermens Mut. Cas. Co.*, 330 U.S. 518 (1947) is misplaced.  In *Koster*, the Court was addressing whether the plaintiff's chosen forum was appropriate merely because it was his home forum, even though the case had no other connection to that forum.  *Id.* at 524–26.  Here, Florida-based investors commenced the consolidated actions and have alleged meaningful connections between the alleged conduct and this forum, including that Target conducts business in this District and directed its fraudulent statements to potential class members located here.  *See* ECF No. 1 at ¶52.  The other cases cited by Defendants likewise fail to support their position.  *See, e.g.*, *Garner v. Wolfinbarger*, 433 F.2d 117, 119 (5th Cir. 1970) (pre-PSLRA case holding that a plaintiff's choice of forum remains a relevant factor in the courts transfer analysis); *McIlvaine v. Arthrocare*, 2008 WL 11332000, at *2 (S.D. Fla. Oct. 28, 2008) (transferring to district where there was "a substantially similar action already pending," involving "the same alleged securities violations that occurred during the same time period" and where related evidence and witnesses will already be produced).

Defendants have failed to "make a convincing showing of the right to transfer" to overcome plaintiffs' choice of forum.  *SEC v. Taronis Techs. Inc.*, 2023 WL 4134000, at *4 (M.D. Fla. June 22, 2023).

6

### 2. Convenience of the Witnesses and Availability of Compulsory Process Still Weigh Against Transfer

Defendants' renewed effort to transfer this case hinges on their identification of three[4] potential non-party, non-employee witnesses who allegedly reside in Minnesota. *See* Motion at 16–17. The identification of three potential witnesses does not change the § 1404(a) analysis. *See* Transfer Denial Order at 8 ("Defendants have not demonstrated that the convenience of the witnesses factor outweighs Plaintiffs' choice of forum.").

Defendants do not assert that these non-party, non-employee potential witnesses are unwilling to appear for trial in this District or that their testimony cannot be secured through depositions.[5] *See* Motion at 16–17; *see also* Transfer Denial Order at 8 ("[D]epositions can easily be taken by remote means."). Courts routinely reject attempts to rely on the convenience of non-party, non-employee witnesses without evidence that live trial testimony is necessary or that compulsory process will be required. *See e.g.*, *Fruitstone v. Spartan Race Inc.*, 464 F. Supp. 3d 1268, 1281 (S.D. Fla. 2020) ("[transfer] may also be denied where the movant does not show that the witnesses would be unwilling to testify and that compulsory process would be necessary"); *Estey v. ADT LLC*, 2017 WL 4865460, at *4 (N.D. Ga. Apr.

---

[4] Defendants identify three non-party, non-employee witnesses, but the Moos Declaration confirms that one of them, Christina Hennington, remains employed at Target as a "strategic advisor" until September 7, 2025. *See* Moos Decl. at ¶15. Accordingly, at this time, there are only two potential non-party witnesses who are not current Target employees.

[5] "[S]ecurities-fraud class actions regularly settle and, therefore, rarely go to trial; thus, the issue of unwilling trial witnesses is largely academic." *In re Hanger Orthopedic Grp. Sec. Litig.*, 418 F. Supp. 2d 164, 170 (E.D.N.Y. 2006).

28, 2017) (factor weighs against transfer where defendant failed to show witnesses were unwilling to travel "or that presenting their testimony by deposition would be unfair"); *Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech. Solutions, Inc.*, 2010 WL 3056600, at \*5 (S.D. Fla. Aug. 4, 2010) (noting that convenience of witnesses did not weigh in favor of transfer where defendants failed to explain why any proposed witness's testimony was "crucial" to the case). Here, Defendants make no showing that any of these potential witnesses are unwilling to appear voluntarily or that their testimony cannot be secured through deposition or other discovery means. *See* Motion at 18–19.

Defendants also identify certain Target employees as potential witnesses (*see* Motion at 17), but this gets them no further. The Court has already held that "the weight given to the convenience of witnesses factor is ***significantly diminished*** where the witnesses are employees of a party and their presence at trial can be obtained by that party." Transfer Denial Order at 7 (citing *Trinity Christian Ctr. Of Santa Ana, Inc. v. New Frontier Media, Inc.*, 761 F. Supp. 2d 1322, 1327 (M.D. Fla. 2010)). "Courts typically ignore the convenience of witnesses who are employees of the defendant company because their testimony can be easily obtained for depositions and trial." Transfer Denial Order at 7 (citing *Delorenzo v. HP Enter. Servs., LLC*, 79 F. Supp. 3d 1277, 1283 (M.D. Fla. 2015)). Defendants' reliance on *In re Hanger Orthopedic* for the proposition that conducting the Action in this District "carries a real risk of disrupting Target's operations" is unavailing. Motion at 17. There, "the individual defendants form[ed] the core of [defendants] senior management" and were "all

8

located in or near the [company's headquarters]." *In re Hanger Orthopedic*, 418 F. Supp. 2d at 169. Here, by contrast, twelve of the thirteen individual defendants are Target directors, only two of whom reside in Minnesota. *See* ECF No. 1 at ¶¶36–48. Accordingly, litigating in Florida presents no "real risk" of disrupting Target's operations.

Defendants' inclusion of only two potential non-party, non-employee witnesses in the instant Motion falls short of their burden to demonstrate that any purported convenience to witnesses gained by proceeding in Minnesota "clearly outweighs" Plaintiffs' choice of forum. *See* Transfer Denial Order at 13.

### 3.    Convenience of the Parties Still Weighs Against Transfer

Defendants also fail to show that the convenience of the parties favors transfer. The delay caused by transferring the Action to Minnesota would inconvenience both Plaintiffs and Defendants. *See North Am. Med. Corp. v. Axiom Worldwide, Inc.*, 2008 WL 11338709, at *4 (N.D. Ga. Dec. 8, 2008) (denying transfer where the court has addressed numerous pretrial issues, including motions to dismiss, and transfer would significantly delay resolution and waste resources).

Further, the majority of Defendants reside in neither Minnesota nor Florida, and a nearly equal amount reside in both states, undermining any claim that Minnesota is a substantially more convenient forum. *See* ECF No. 1 at ¶¶36–48; *see also Barrett v. United Ins. Co. of America, Inc.*, 2018 WL 11440992, at *5 (S.D. Ga. Dec. 19, 2018) (holding that, despite defendant's headquarters being in the transferee district, transfer was not warranted where defendant failed to show more putative

class members resided there than in the current forum and neither side's counsel was based in the transferee district).  This differs from *Kadel v. Flood*, 2008 WL 11319455 (S.D. Fla. Apr. 4, 2008), which Defendants rely on, in which the majority of the defendants resided in the district where the company was headquartered.  *Id*. at *5. This is not true here.  As before, Defendants have not demonstrated that the balance "clearly outweighs" Plaintiffs' choice of forum.  This factor still favors keeping the Action in Florida.

### 4.    Efficiency and the Interests of Justice Weigh Against Transfer

Efficiency and the interests of justice strongly disfavor transfer.  As this Court recognized, Congress provided "strikingly broad and less restrictive venue provisions" under the Exchange Act to ensure that plaintiffs have a liberal choice in forum selection.  Transfer Denial Order at 13.  Thus, Florida plainly has a significant interest in adjudicating federal securities claims brought by its residents, particularly those here, brought against some Defendants who are Florida residents (*see* Transfer Denial Order at 14; *see also* ECF No. 1 at ¶¶36–48), and Target, a multinational company that conducts substantial business in Florida, and disseminated misleading materials into Florida (*see* ECF No. 1 at ¶52).  *See also Wi-Lan USA, Inc. v. Alcatel-Lucent USA Inc.*, 2013 WL 358385, at *6 (S.D. Fla. Jan. 29, 2013) (denying transfer to defendant's home district where the operative facts occurred because majority of the § 1404(a) factors favored retention).

Further, Defendants' two sentence trial efficiency "argument" likewise fails. *See* Motion at 24.  This Court has already denied Defendants' prior motion to

transfer and has invested significant judicial resources in this Action, including holding oral argument on the motion to dismiss and sustaining the complaint in the *Craig* action, ruling on additional substantive and procedural motions, overseeing consolidation of related securities fraud actions, and actively managing the case. This Court is currently adjudicating competing lead plaintiff motions. Restarting this case in Minnesota would delay proceedings and require a new court to familiarize itself with the unique circumstances of this case and the factual and legal issues already briefed and considered here. *See Axiom*, 2008 WL 11338709, at *4 (denying transfer where the court has addressed numerous pretrial issues, including motions to dismiss, and transfer would significantly delay resolution and waste judicial resources); *see also Abreu v. Pfizer, Inc.*, 2022 WL 2355541, at *21 (S.D. Fla. June 22, 2022) (granting transfer to the court that "has already done the research on the legal issues relevant to Plaintiff's claim and issued a thoroughly-researched substantive ruling."). The cases cited by Defendants are inapposite. *See Kang Haggerty & Fetbrot v. Hayes*, 2017 WL 9938022, at *3 (M.D. Fla. Mar. 22, 2017) (neither party identified any judicial efficiency gains from denying transfer); *Penny v. AT&T Corp.*, 2015 WL 12828116, at *2–3 (S.D. Fla. Apr. 6, 2015) (majority of § 1404(a) factors favored transfer).

### B.    The Remaining § 1404(a) Factors Are Neutral

The remaining § 1404(a) factors—the locus of operative facts, location of relevant documents and proof, the forum's familiarity with governing law, and the

relative means of the parties—are neutral, and therefore provide no support for transfer.

### 1.    Locus of Operative Facts Remains Neutral

Defendants again assert that the operative facts occurred in Minnesota because Target is headquartered there.  *See* Motion at 19–20.  The Court previously rejected this as a basis for transfer, finding it "unclear" how much (if any) of the alleged conduct actually occurred in Minnesota given Target's dispersed leadership, hybrid work policy, and shareholder meetings outside Minnesota.  Transfer Denial Order at 10–11.

The Moos Declaration does not change that conclusion.  Even if certain documents were drafted or transmitted from Target's headquarters in Minnesota, the "locus" inquiry is not limited to the company's headquarters.  *See Dusek v. JP Morgan Chase & Co.*, 2015 WL 12819406, at *2 (M.D. Fla. Jan. 16, 2015) (denying transfer to district where defendants' headquarters were located, noting "the injury for at least some of the counts/plaintiffs is alleged to have occurred in Florida.").  The alleged misstatements concerned nationwide operations and were directed to investors everywhere, including Florida, and decisions and activities tied to those misstatements involved individuals and events outside Minnesota.  *See Halbert v. Credit Suisse AG*, 358 F. Supp. 3d 1283, 1287 (N.D. Ala. 2018) (denying transfer and finding factor neutral where no single locus of operative facts existed; trading and sales decisions occurred in New York, offering documents were prepared in New York, and plaintiffs purchased the securities, which were available to investors

12

nationwide, in Alabama); *see also* Transfer Denial Order at 11 ("[I]t is unclear whether the alleged conduct actually occurred in Minnesota."); ECF No. 52 at ¶52.

Further, while some Target employees surely work in Minnesota, it remains true that "many of Target's directors live outside of Minnesota…Target's 2023 shareholder meeting occurred online and in Austin Texas…[and] Target's 2020, 2021, and 2022 shareholder meetings all occurred exclusively online."[6] Transfer Denial Order at 11. At best, Defendants identify some relevant conduct in Minnesota, but they fail to demonstrate that the exclusive or predominant locus of the facts is in Minnesota. This factor remains, as the Court found before, neutral. *See* Transfer Denial Order at 11.

### 2. Location of Relevant Documents and Proof, Familiarity with Governing Law, and Relative Means of the Parties Are Neutral

As the Court held and Defendants concede (*see* Motion at 25), the location of relevant documents and sources of proof are neutral because "modern technology has advanced to allow the electronic transmittal of documents, which lessens the burden of exchanging discoverable information." Transfer Denial Order at 9 (citing *Nat'l Tr. Ins. Co. v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 223 F. Supp. 3d 1236, 1243–44 (M.D. Fla. 2016)).

---

[6] That some "virtual meetings were hosted and facilitated from conference rooms in Target's headquarters" (Moos. Decl. at ¶26) does not establish that the meeting participants themselves were physically located there.

Similarly, the forum's familiarity with governing law is neutral because "this is a federal securities law case," and both courts are equally capable of applying the relevant federal law.  Transfer Denial Order at 12; *see also* Motion at 22.

Finally, the relative means of the parties factor is also neutral.  In its Transfer Denial Order, the Court found this factor weighed in Plaintiffs' favor where transfer would "forc[e] them to retain Minnesota counsel."  Transfer Denial Order at 12. Plaintiffs have already retained Florida counsel and incurred costs in pursuing this case in this Court.

Accordingly, none of these factors favors transfer, and together they provide no basis to disturb Plaintiff's choice of forum.

## **CONCLUSION**

For the foregoing reasons, Ohio STRS respectfully requests that this Court deny Defendants' Motion to Transfer.

Respectfully submitted,

Date:  August 15, 2025

By: /s/ *Joshua E. Dubin*

**JOSH DUBIN, P.A.**
Joshua E. Dubin
201 South Biscayne Blvd., Ste. 1210
Miami, Florida 33131
Telephone: (212) 219-1469
josh@jdubinlaw.com

**GRANT & EISENHOFER P.A.**
Jay W. Eisenhofer (*pro hac vice*)
Caitlin M. Moyna (*pro hac vice*)
Vincent J. Pontrello (*pro hac vice*)
485 Lexington Avenue
New York, NY 10017
Telephone: (646) 722-8500
jeisenhofer@gelaw.com
cmoyna@gelaw.com
vpontrello@gelaw.com

*Counsel for Ohio STRS and Proposed Lead
Counsel for the Class*

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 15, 2025, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.


By: <u>/s/ *Joshua E. Dubin*</u>
Joshua E. Dubin